In the matter of the application of MARY J. LAMB, a married woman abandoned by her husband, for sale of her lands.

[Decided December 16th, 1924.]

**Sale of Lands—Woman Abandoned by Husband—Husband's Whereabouts Unknown More Than Twenty Years—Left Surviving Children—Petition for Purpose of Confirming Conveyance Heretofore Made of Petitioner's Interest—Facts as Found by Master Sustained—Finding in Case of Bucci v. Popovich Distinguished and Decree Granting Petition Advised.**

On exceptions to master's report. On petition, &c.

*Mr. Louis N. Tripician,* for the petitioner.

INGERSOLL, V. C.

The special master found and reported the following facts, all of which are sustained by the evidence taken:

"That it is true, as set forth in the petition, that the land sought to be sold under the application is technically owned by the petitioner in her own right, having come to her from her brother's estate, and was not acquired by gift through or from her husband, Eugene A. Lamb.

"That the petitioner was married to her husband, the said Eugene A. Lamb, July 27th, 1890, and that he deserted her on February 15th, 1902, since which time she has continuously lived in a state of separation from him; that during

the time last aforesaid, petitioner's said husband has continuously neglected and refused, and still neglects and refuses, to support her.

"That the portion of the property described in the complainant's bill, and against which relief was claimed at this time, is worth, at least, the sum of $10,000.

"That the property described in the petition in this cause, together with other land formerly forming a part thereof, on December 29th, 1881, was conveyed by Robert Bradberry and Rebecca, his wife, to Thomas V. Bradberry, who was the brother of petitioner; that Thomas V. Bradberry, after becoming seized of the fee-simple title to said premises, departed this life without leaving any children, or children of deceased children, and without leaving any widow him to survive, but leaving him to survive as his only heir-at-law, the petitioner; that the said Thomas V. Bradberry was a resident of the city and county of Philadelphia, in the State of Pennsylvania, and left a last will and testament, which was proven in that jurisdiction, but which is not provable in this jurisdiction, because of the fact that the attestation clause attached thereto is not in accordance with the laws of the State of New Jersey, and because of the death of the witnesses to the said will, and the inability of the parties in interest to establish the same by other evidence; that the said Thomas V. Bradberry died December 19th, 1885, before the marriage of petitioner; that by the will of the said Thomas V. Bradberry the property described in the petition in this cause was devised to the mother, Rebecca A. Bradberry; that on March 21st, 1892, the mother, by reason of the said will and believing in its efficacy, conveyed all of the said property to John Jacob Mezger; that a portion of the property afterwards became vested in one Rosa Wandell and the petitioner, on January 14th, 1920, attempted to confirm the same in her, without her husband joining in the said deed, and that the application is one to perfect a defective title.

"That after the marriage of the petitioner to Eugene A. Lamb, two children were born to them, both of whom are

still alive, so that the said Eugene A. Lamb has a vested, contingent remainder in the premises described in the complainant's bill, which will become effective in the event of him surviving his wife, the said petitioner.

"That if is not quite clear from the testimony in the case that the said petitioner is a resident of the State of New Jersey, although she testified she considered it to be such."

He concludes as follows: "I also certify and report that, because of the fact that the husband has a vested interest in the premises by reason of the birth of issue born alive, the petitioner should not be allowed to make a sale without her said husband joining in the said conveyance, and that the petition should be dismissed."

The special master was apparently guided by *In re Riva, 83 N. J. Eq. 200,* in making his report. In that case the court exercised its discretion, and dismissed the petition. It is unnecessary to determine what interest the husband now has in the land in question, or whether this is a "proper case" by which the wife can divest him of that right. *Bucci v. Popovich, 93 N. J. Eq. 121* (at *p. 128*); affirmed by *per curiam* opinion. *Ibid. 511.*

I am of the opinion that the relief should be granted in this case.

The only apparent purpose of this sale is to legally divest the wife of her interest in the premises for which she made and executed her deed many years ago to the present holder of the paper title.

Without doubt, both the petitioner and her mother believed that the mother, Rebecca A. Bradberry, had the power to convey, when she, Mrs Bradberry, on March 21st, 1892, executed her deed to John Jacob Mezger. Upon the discovery that petitioners had an interest in the lands, she, on January 14th, 1910, conveyed to Rose Wandell, the then holder of the paper title.

In that deed, and the acknowledgment thereof, the petitioner was declared to be a widow. If she was a widow at that time, there is no necessity for the present proceedings.

If not, her deed, without her husband joining therein, was not effective.

The testimony is that he has not been heard from for more than twenty years. It is unnecessary to cite cases, that he is presumed to be dead.

The reasons given by the court in *In re Riva, Ibid.,* for refusing the relief, are reasons for granting the relief in the present case.

The petitioner desires that she be now divested of that interest, which was supposed to have been conveyed by her deed of confirmation.

It might be said that the interest may be purchased by another than the present holder at the sale, but that is an unlikely contingency; under the existing situation, no one other than he would desire to bid therefor.

This might be a valid objection to the sale, were it not the fact that the petitioner does not expect any financial return from the sale.

She has no equitable claim upon the premises, and makes none. She evidently does no desire to endeavor to secure a divorce, as suggested by the court in *Bucci* v. *Popovich, supra.* as being a method of divesting the husband's rights (if her husband is still living).

Considering the entire situation, I am constrained to believe that the relief prayed for should be allowed, and I will advise a decree sustaining the exception and granting the prayer of the petition.